# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ZACHARY LEE BARTHELMAN,      )
         )
        Plaintiff,      )
         )
        v.       )      **Case No. 12-cv-1349-JAR**
         )
CAROLYN W. COLVIN,      )
Commissioner of      )
Social Security Administration,      )
         )
        Defendant.      )
_____)

## MEMORANDUM AND ORDER

Plaintiff filed this action on September 20, 2012 seeking judicial review of a decision of the Commissioner of Social Security[1] ("Commissioner") denying disability insurance benefits ("DIB") and supplemental security income ("SSI") under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423(d) and 1382c(a)(3)(A) (hereinafter the Act).[2]   The Court dismissed the case in accordance with Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the Court's orders.[3]   Accordingly, the Court entered Judgment in favor of Defendant.[4]   The matter is currently before the Court on Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60 (Doc. 16).  The matter is fully briefed and the Court is prepared to

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2012.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]Doc. 1.

[3]Doc. 14.

[4]Doc. 15.

rule.  The Court finds that the motion should be granted.

Rule 60(b) sets forth grounds for relief from a final judgment, order, or proceeding and provides in relevant part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect.[5]

Under this rule, the movant has the burden of pleading and proving the grounds for relief.[6] Whether to grant a Rule 60(b) motion rests within the trial court's discretion.[7]  It appears from Plaintiff's motion that he is claiming excusable neglect in connection with his failure to respond to the Court's deadlines and order to show cause.

Plaintiff's memorandum in support of his motion sets forth in detail the unfortunate circumstances surrounding his failure to respond to the Court's orders, including counsel's and his staffs' health issues, a client's suicide, along with other staffing issues and counsel's other pressing work commitments.

For purposes of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."[8] The neglect, however, must be excusable.[9]  In making this determination:

---

[5]Fed. R. Civ. P. 60(b)(1).

[6]*Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, Case No. 09–4158–SAC, 2011 WL 4691933, *1 (D. Kan. Oct. 6, 2011) (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[7]*Id.* (citing *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir.2007)).

[8]*Bergman v. Sprint/United Mgmt. Co.*, 171 F.R.D. 308, 310 (D. Kan. 1997) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394 (1993)).

[9]*Id.* (citing *Pioneer*, 507 U.S. at 395).

> relevant circumstances surrounding the party's omission or failure
> to act in a timely way are to be considered. Those circumstances
> include "the danger of prejudice to the [other party], the length of
> the delay and its potential impact on the judicial proceedings, the
> reason for the delay, including whether it was within the
> reasonable control of the movant, and whether the movant acted in
> good faith."[10]

It does not appear that there is a danger of prejudice to Defendant if Plaintiff's motion is granted.[11] It does not appear that this proceeding will be adversely impacted if Plaintiff is allowed to submit his brief pursuant to an extended deadline. The Court does not find that counsel for Plaintiff acted in bad faith, rather he was simply negligent. The Court finds that in applying all four factors, the omissions of counsel constitute excusable neglect and Plaintiff's motion to set aside judgment should be granted. But, as the court stated in *Bergman*:

> Although the court, in its discretion, has granted plaintiff's motion,
> this order should not be taken by plaintiff's counsel as condonation
> by the court of his haphazard and negligent conduct. Further
> lapses will not be so tolerantly treated by the court.[12]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60 (Doc. 16) is **GRANTED**.

**IT IS FURTHER ORDERED BY THE COURT** that the Court's Memorandum and Order (Doc. 14) and Judgment (15) shall be set aside.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff shall file his Initial Brief by **May 10, 2013.**

**IT IS SO ORDERED.**

---

[10]*Id.*

[11]Defendant has not filed an opposition to Plaintiff's motion for relief from judgment.

[12]*Bergman*, 171 F.R.D. at 310.

3

Dated: April 30, 2013

                               S/ Julie A. Robinson

                                JULIE A. ROBINSON

                                UNITED STATES DISTRICT JUDGE