**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ZACHARY LEE BARTHELMAN,**

**Plaintiff,**

**v.** **Civil No. 12-1349-JAR**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER OF**
**SOCIAL SECURITY,**

**Defendant.**

## MEMORANDUM AND ORDER

This comes before the Court on Plaintiff's Motion to Alter Judgment (Doc. 31). On January 9, 2014 this Court entered its Memorandum and Order (Doc. 29) and Judgment (Doc. 30) affirming Defendant's decision denying Plaintiff disability benefits. Plaintiff now seeks reconsideration of the Court's decision.

D. Kan. Rule 7.3(a) allows a party to seek reconsideration of a dispositive order under Rule 59(e) or 60. A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[1] Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[2]

[1] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

[2] *Servants*, 204 F.3d at 1012; *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

As Defendant argues in its response, Plaintiff's motion is largely an inappropriate rehash of arguments it raised before concerning the evaluation of Dr. Goodman's treatment notes and the weight given to the opinions of Dr. Goodman and Ms. Ahrens. Plaintiff also argues that because he was awarded disability benefits by the Defendant in 2013, for a period of disability with an onset date of March 19, 2010, this Court must have erred in affirming Defendant's *earlier* decision denying benefits for a period with an onset of July 16, 2008. This does not meet the standard for relief under Rule 59(e).

Moreover, because Plaintiff filed his Motion to Alter Judgment on February 6, 2014, more than 14 days after this Court entered judgment on January 9, 2014, it is more properly construed as a Rule 60(b) motion for relief from judgment. As the Tenth Circuit noted in *Hawkins v. Evans,*[3] the Federal Rules of Civil Procedure do not recognize a motion to reconsider, so such motions are construed as a Rule 59(e) motion to alter or amend, if the motion is filed within fourteen days of the entry of judgment; but if the motion is filed more than fourteen days after entry of judgment, it is construed as a Rule 60(b) motion for relief from judgment.

And, Plaintiff's Motion to Alter Judgment does not meet the stricter standards for a Rule 60(b) motion. For Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[4] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has

---

[3] 64 F.3d 543, 546 (10th Cir. 1995).

[4] *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

> been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[5]

Rule 60(b) is simply "not available to allow a party merely to reargue an issue previously addressed by the court when the re-argument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument" because a Rule 60(b) motion is not a substitute for appeal.[6]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion to Alter Judgment (Doc. 31) is **DENIED.**

**IT IS SO ORDERED.**

Dated: July 25, 2014

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE

---

[5]Fed. R. Civ. P. 60(b).

[6]*Hilliard v. Dist. Ct. of Comanche County*, 100 F. App'x 816, 819 (10th Cir. 2004) (internal quotations omitted).